**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Russell Lee Frigon,<br><br>    Plaintiff,<br><br>v.<br><br>Carolyn W. Colvin,<br><br>    Defendant. | No. CV-15-00269-PHX-DGC<br><br>**ORDER** |

Plaintiff has made an application to this Court for attorneys' fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Doc. 20. The Commissioner opposes the motion. Doc. 21. Because the Court concludes that the government's position was not substantially justified, the Court will grant the motion. The Court will reduce the award to exclude time spent on unsuccessful claims that were not factually related to the issue on which Plaintiff prevailed.

The EAJA provides:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1). Courts routinely award attorney's fees under this provision to claimants who successfully challenge the Social Security Administration's denial of disability benefits. *See, e.g., Tobeler v. Colvin*, 749 F.3d 830 (9th Cir. 2014). Where a

successful claimant seeks attorneys' fees, "[i]t is the government's burden to show that its position was substantially justified," *id.* at 832, or that special circumstances make an award unjust. The Commissioner's position, although incorrect, may be substantially justified "if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact." *Pierce v. Underwood*, 487 U.S. 552, 566 n.2 (1988).

The Commissioner does not dispute that Plaintiff was a prevailing party in this case. Instead, she argues that she was substantially justified in defending the ALJ's finding that Plaintiff was not disabled within the meaning of the Social Security Act. The Court cannot agree. As the Court explained in remanding the Commissioner's decision, the ALJ erred by entirely failing to address Dr. Vanig's treatment notes and medical opinion concerning the severity of Plaintiff's fatigue. *See Frigon v. Colvin*, 2015 WL 6082363 (D. Ariz. Oct. 16, 2015). Specifically, the ALJ concluded that "[Plaintiff's] fatigue . . . is not supported anywhere in the record," overlooking the fact that Dr. Vanig had diagnosed Plaintiff with this condition on four occasions. *Id.* at *5.

Plaintiff called attention to this deficiency in his opening brief. *See* Doc. 12 at 15 ("ALJ erroneously neglects to consider the numerous treatment notes by Dr. Vanig for pain, fatigue, malaise, and the corresponding limitations related to those symptoms."). This identified a clear error, *see Cotton v. Bowen*, 799 F.2d 1403, 1408 (9th Cir. 1986), and yet the Commissioner chose to litigate the question instead of correcting the obvious deficiency. This position was not "substantially justified."

The Commissioner argues in the alternative that the Court should reduce the requested fees because Plaintiff devoted a substantial portion of his briefing to claims on which he did not prevail. In support of this argument, the Commissioner relies on *Schwarz v. Secretary of Health and Human Services*, 73 F.3d 895 (9th Cir. 1995), a case which holds that district courts have discretion to exclude the hours spent on an unsuccessful claim in determining the amount of a reasonable award. *Id.* at 904. In determining whether such an exclusion is appropriate, *Schwarz* instructs courts to apply a two-part analysis:

> First, the court asks whether the claims upon which the plaintiff failed to prevail were related to the plaintiff's successful claims. If unrelated, the final fee award may not include time expended on the unsuccessful claims. If the unsuccessful and successful claims are related, then the court must apply the second part of the analysis, in which the court evaluates the "significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." If the plaintiff obtained "excellent results," full compensation may be appropriate, but if only "partial or limited success" was obtained, full compensation may be excessive. Such decisions are within the district court's discretion.

*Id.* at 904-05.

Plaintiff devoted a substantial portion of his briefing to unsuccessful claims that were factually unrelated to the claim on which he prevailed. For example, he argued at length that the ALJ erred in disregarding the medical opinions of Dr. Kovach and Dr. Geary, and in failing to list Reiter's syndrome as a severe impairment. Doc. 12 at 11, 16, 17. The Court rejected these claims.

The Commissioner argues that the Court should award Plaintiff's counsel only 50% of her requested fees in light of these unsuccessful arguments, but the Court views this as too severe a reduction. Although counsel devoted considerable time to arguments that did not prevail, counsel engaged in thorough and detailed analysis of Plaintiff's complicated medical conditions, an analysis that bore on the Court's review of Plaintiff's condition and Dr. Vanig's opinion. Because the Court finds some of Plaintiff's arguments to have been factually unrelated and unsuccessful, the Court will reduce the requested fee amount by 25%. This not only accounts for unsuccessful work, but also brings the fee request more in line with fee requests the Court has seen over the years for comparable cases.

Plaintiff's counsel requests fees of $8,858.06 in her reply brief. Doc. 22 at 6. Reducing this amount by 25%, the Court will award fees of $6,643.55.[1]

---

[1] Plaintiff contends that the Court should limit any reduction to 10 percent under *Costa v. Commissioner*, 690 F.3d 1132 (9th Cir. 2012). But *Costa* held only that "it is improper for district courts to apply a de facto cap on the number of hours for which attorneys may be compensated under the EAJA in a 'routine' case challenging the denial of social security benefits." 690 F.3d at 1134. It did not disturb prior cases holding that a court may exclude hours spent on an unsuccessful claim.

**IT IS ORDERED** that Plaintiff's motion for attorney's fees under EAJA (Doc. 20) is **granted in part**, and Plaintiff shall be awarded **$6,643.55** under EAJA.

Dated this 5th day of January, 2016.

_____
David G. Campbell
United States District Judge